UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
COVINGTON DIVISION

IN RE:

MONIKA VANSCOY

DEBTOR                                              CASE NO. 09-20823


LORI A. SCHLARMAN, TRUSTEE                          PLAINTIFF

VS.                                                 ADV. NO. 09-2078


STOCKTON MORTGAGE CORPORATION;
MORTGAGE ELECTRONIC REGISTRATION
SERVICES, INC.; CARTER NORTHCUTT                    DEFENDANTS

CARTER NORTHCUTT                                    COUNTER-CLAIMANT

VS.

LORI A. SCHLARMAN, TRUSTEE                          COUNTER-DEFENDANT

## MEMORANDUM OPINION

This matter is before the court on two motions: (1) the Plaintiff's Motion for Summary Judgment [Doc. #11] seeking an Order determining that the Trustee's interest in jointly-owned property is superior to that of mortgagee Defendant Stockton Mortgage Corporation ("Stockton") because the mortgage was only executed by co-owner, Defendant Carter Northcutt ("Northcutt"); and (2) Stockton's Motion for Order of Abeyance and/or Abstention [Doc. #12] (the "Abstention Motion") seeking to hold this matter in abeyance (or to abstain) to allow a state court "reformation of deed" action to continue to conclusion. These Motions were heard on May 11, 2010 and taken under consideration for decision.

1

1. <u>Facts</u>

The Debtor, Monika Vanscoy ("Debtor" or "Vanscoy") filed her Chapter 7 petition on April 7, 2009, listing a one-half ownership interest in a house located at 112 Bracken County, Frankfort, Kentucky (the "Property"). Northcutt is listed as the co-owner.

The Plaintiff Trustee was duly appointed and filed her Complaint on December 23, 2009. She alleges, and it is undisputed, that the Debtor and Northcutt acquired title to the Property on January 10, 2008. On the same day, Northcutt granted a mortgage on the Property to Stockton, with Defendant MERS as nominee. The deed and mortgage were recorded in the Franklin County Clerk's office the following day, January 11, 2008. The Debtor is not named in or identified as a mortgagor or borrower in the body of the mortgage, nor did she execute the mortgage. The Debtor and Northcutt have never been married.

2. <u>Issues</u>

The issues to be addressed are: (a) whether the Trustee can avoid Stockton's Mortgage in the Debtor's interest in the Property, where the Debtor did not execute and is not otherwise mentioned in the Mortgage granted by the co-owner; and (b) if so, whether the co-owner can defeat the Trustee's avoidance powers by claiming an equitable interest in the Property which it asserts extinguishes the Debtor's interest.

3. <u>Discussion</u>

This court has jurisdiction of this matter pursuant to 28 U.S.C. §1334(b); it is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(K).

    a. <u>The Mortgage Executed by Only One Co-Owner</u>

The scope of the Trustee's strong arm powers pursuant to 11

U.S.C. §544(a)(1) and (3) is determined under applicable state law.  A joint tenancy with right of survivorship is defined under Kentucky law as "an estate held by two or more persons jointly with equal rights to share in its enjoyment during their lives, and having as its distinguishing feature the right of survivorship..." *McLeod v. Andrews*, 196 S.W.2d 473, 477 (Ky. 1946).  It is undisputed that the deed entered into by the Debtor and Northcutt conveyed the Property to them as grantees "for and during their joint lives, remainder in fee simple to the survivor of them..."  Thus, as of the bankruptcy filing date, the Debtor and Northcutt held title to the property as joint tenants with right of survivorship.  *Sanderson v. Saxon, 834 S.W.2d. 676 (Ky. 1992)*.  Stockton agrees with this conclusion.[1]

The Trustee cites several cases regarding the effect of the Debtor not being named in the mortgage.  *Goodrum's Guardian v. Kelsey*, 50 S.W.2d 932, 934 (Ky. 1932), held that a party who is not named or identified as a mortgagor is not bound by the mortgage.  *See also Schlarman v. Chase Home Finance (In re Padgitt)*, Case No. 07-21467, Adv. No. 07-2063 (Bankr. E.D. Ky. September 11, 2008).  In *Farris v. Laurel Explosives, Inc.*, 797 S.W.2d 487, 490 (Ky.App. 1990), the court held that ordinarily one joint owner of real estate cannot, by separate agreement, burden the interest of another owner in the same tract.

In *Dubis v. Zarins (In re Teranis)*, 128 F.3d 468 (7th Cir. 1997),

---

[1] While the Trustee's Motion requests a determination that the estate holds "an equal one-half interest in the Property", until such time as the joint tenancy with right of survivorship is terminated (presumably by death or sale), both co-owners own a joint life estate with a survivorship interest.  The Complaint herein does not seek a sale of the Property.

the trustee prevailed under similar circumstances as found here.  In *Dubis*, the trustee sought to sell a condominium owned by the debtor and her mother.  The mother challenged the sale, saying that her daughter was not a co-equal owner because she had never lived in the condominium and had not contributed anything to its purchase or upkeep.  The Seventh Circuit agreed with the trustee that third parties, including a trustee with strong arm powers, were not required to look beyond unambiguous deed terms to investigate the possibility of unequal ownership of real property, and affirmed the district court's decision to allow the sale.

The court concludes that the Debtor's interest in the Property is not encumbered by the Mortgage executed by only Northcutt because the Debtor and Northcutt held the property as joint tenants, and one party could not encumber the Property as a single, indivisible estate.  Accordingly, the Trustee holds superior title to the extent of that interest.

While Northcutt contends that the Trustee has constructive notice of the mortgage and thus cannot maintain a position as a hypothetical bonafide purchaser, this contention is misplaced.  The Trustee has not alleged that she has no constructive notice of the mortgage; her contention is that because the Debtor is not a party to the mortgage she can avoid any lien Stockton claims on the Property as unperfected in regard to the Debtor's interest.  The court agrees.

    b.   <u>The Abstention Motion</u>

On March 14, 2008, Northcutt filed a civil complaint in Franklin Circuit Court against the Debtor concerning the Property.  Northcutt sought reformation of the deed, extinguishing the Debtor's interest in

same, a judicial dissolution of a non-marital partnership, an accounting and a temporary injunction.  He further alleged conversion and unjust enrichment and sought punitive damages.  Until her bankruptcy filing, the Debtor defended the action alleging that she had contributed substantial sums to the non-marital partnership.  Stockton takes the position that because this proceeding involves "exclusively state law issues," this court should abstain relying on this court's decision in *Berman, et al. v. Estate of Joseph D. Weddington, et al. (In re HNRC Dissolution Co.)*, Case No. 02-14261, Adv. No. 04-1684 (Bankr. E.D. Ky. July 28, 2005).  The *HNRC* matter is factually and legally distinguishable from the instant proceeding.  In *HNRC*, neither the Trustee nor the bankruptcy estate claimed any interest in the property pursuant to the confirmed Chapter 11 Plan.  Thus, the court declined to hear the property dispute.  Here, the Trustee claims an interest in the Property.

In any event, the Trustee's position as a bonafide purchaser as of the petition date defeats any claim of reformation.  *Fuson v. Snyder*, 180 S.W.2d 291, 292 (Ky. 1944) (reformation of a deed will not be ordered as against a subsequent purchaser for value without notice.)

This Memorandum Opinion includes the court's findings of fact and conclusions of law.  In view of the foregoing, the Trustee's Motion for Summary Judgment shall be GRANTED, and Stockton's Motion for Order of Abeyance and/or Abstention shall be DENIED.  An order in conformity with this opinion will be entered separately.

6

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge**
**Dated: Thursday, July 01, 2010**
**(tnw)**